IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>v.<br><br>**GARY N. CRAMER, and THERON J. MARRS**,<br><br>Defendants. | Case No. 3:17-cr-267-SI (Lead)<br>Case No. 3:17-cr-271-SI<br><br>**OPINION AND ORDER ON GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE OR LIMIT EXPERT TESTIMONY** |

**Michael H. Simon, District Judge.**

Defendant Theron J. Marrs ("Marrs") filed an Expert Witness List and Narrative Summary of Anticipated Testimony. ECF 238.[1] In that filing, Marrs disclosed that he may call two expert witnesses to testify at trial, Dr. Megan A. McNeal and Mr. R. Cortland Heroy. The Government has moved *in limine* to exclude or limit the proposed expert testimony of both Dr. McNeal and Mr. Heroy. ECF 260. Although Marrs opposes the Government's motion regarding Dr. McNeal, Marrs states that he "will not call Mr. Heroy as a witness at trial." ECF 272 at 6. Accordingly, the portion of the Government's motion concerning Mr. Heroy is denied as moot. For the reasons that follow, the Court grants in part, denies in part, and defers in

---

[1] Unless otherwise indicated, all docket numbers refer to Case No. 3:17-cr-267-SI (D. Or.).

part the portion of the Government's motion concerning Dr. McNeal. The jury trial in this case is scheduled to begin on January 25, 2021. ECF 273.

## BACKGROUND

The Court has joined for trial two separate cases resulting from two indictments, pursuant to Rule 13 of the Federal Rules of Criminal Procedure. Marrs is a named defendant in both cases. Against Marrs, the Government alleges the following nine counts: (1) conspiracy to defraud the United States, in violation of 18 U.S.C. § 371; (2) aiding and assisting co-defendant Gary N. Cramer ("Cramer") in the filing of a false federal tax return for calendar year 2013, in violation of 26 U.S.C. § 7206(2); (3) evasion of payment of taxes, in violation of 26 U.S.C. § 7201; (4) filing a false federal tax return for calendar year 2005, in violation of 26 U.S.C. § 7206(1); (5) filing a false federal tax return for calendar year 2006, in violation of 26 U.S.C. § 7206(1); (6) filing a false federal tax return for calendar year 2007, in violation of 26 U.S.C. § 7206(1); (7) filing a false federal tax return for calendar year 2009, in violation of 26 U.S.C. § 7206(1); (8) filing a false federal tax return for calendar year 2010, in violation of 26 U.S.C. § 7206(1); and (9) obstructing or impeding the due administration of tax laws, in violation of 26 U.S.C. § 7212(a).[2]

As noted above, Marrs disclosed that he may call Dr. McNeal as an expert witness at trial to testify about Marrs's "individual psychology." Dr. McNeal is a forensic psychologist who examined Marrs on several occasions. In his disclosure, Marrs summarizes the entirety Dr. McNeal's anticipated expert testimony as follows:

---

[2] Against Cramer, the Government alleges the following three counts: (1) conspiracy to defraud the United States, in violation of 18 U.S.C. § 371; (2) evasion of payment of taxes, in violation of 26 U.S.C. § 7201; and (3) filing a false federal tax return for calendar year 2013, in violation of 26 U.S.C. § 7206(1).

> Forensic psychologist, Dr. Megan McNeal will testify that the Defendant [Marrs] demonstrates limited insight regarding his own expertise and comprehension of the United States Tax Code and related subjects. This limited insight results from a form of cognitive bias whereby individuals overestimate their own comprehension or abilities. The cognitive bias creates a false sense of superior knowledge or expertise that grows from an individual's inability to accurately evaluate his or her own competence or incompetence. This cognitive bias can be intensified through group interactions. Peer associates reinforce each other's false sense of expertise, often by proclaiming successes in disputes with the IRS based on a professed knowledge or mastery of the United States Tax Code or related matters.

ECF 238 at pages 1-2. In addition, in response to the Government's motion *in limine* to exclude or limit testimony, Marrs states: "Dr. McNeal will testify that the Defendant [Marrs] is impacted by a form of cognitive bias whereby Defendant [Marrs] overestimates his own knowledge and expertise regarding the tax code." ECF 272 at 2. During the hearing held on March 20, 2020, Marrs's counsel added that Dr. McNeal also may testify about other "sub-opinions" that support her opinion that Marrs is impacted by a form of cognitive bias whereby he overestimates his own knowledge and expertise regarding the tax code." Marrs's counsel further stated that Dr. McNeal may also provide other related opinions or sub-opinions in rebuttal based on the specific factual evidence presented at trial during the Government's case-in-chief.[3]

---

[3] Dr. McNeal also evaluated Marrs on the issue of his competency to stand trial. On the Government's motion (ECF 245), the Court ordered Dr. McNeal to provide to the Government's outside competency evaluator, Dr. Alexander Duncan, all reports, notes, and materials provided to or reviewed by Dr. McNeal that form the basis of her expert opinion regarding Marrs, as well as the results, scores, and raw test data for all psychological tests that Dr. McNeal administered to Marrs. ECF 250 at 9. Dr. McNeal complied with the Court's order by providing her materials to Dr. Duncan. The Government's prosecutors, however, have not had access to those materials. *See* ECF 260 at 9. Dr. Duncan examined Marrs, determined that Marrs is competent to stand trial, and prepared a report. ECF 260 at 4-5. The Government provided copies of Dr. Duncan's report to counsel for Marrs and, with Marrs's consent, counsel for Cramer. *Id*. at 5. There is no issue about Marrs's competency to stand trial.

## APPLICABLE RULES

Rule 12.2(b) of the Federal Rules of Criminal Procedure provides in relevant part:

> (b) NOTICE OF EXPERT EVIDENCE OF A MENTAL CONDITION. If a defendant intends to introduce expert evidence relating to . . . *any other mental condition of the defendant bearing on . . . the issue of guilt . . .*, the defendant must . . . notify an attorney for the government in writing of this intention and file a copy of the notice with the clerk.

Fed. R. Crim. P. 12.2(b) (emphasis added).

Rule 16(b)(1) of the Federal Rules of Criminal Procedure provides in relevant part:

> (B) REPORTS OF EXAMINATIONS AND TESTS. If a defendant requests disclosure under Rule 16(a)(1)(F) and the government complies, the defendant must permit the government, upon request, to inspect and to copy or photograph *the results or reports of any physical or mental examination* and of any scientific test or experiment if:
>
>     (i) the item is within the defendant's possession, custody, or control; and
>
>     (ii) the defendant intends to use the item in the defendant's case-in-chief at trial, *or intends to call the witness who prepared the report and the report relates to the witness's testimony*.
>
> (C) EXPERT WITNESSES. The defendant must, at the government's request, give to the government *a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial*, if—
>
>     (i) the defendant requests disclosure under subdivision (a)(1)(G) and the government complies; or
>
>     (ii) *the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition.*
>
> *This summary must describe the witness's opinions, the bases and reasons for those opinions*, and the witness's qualifications.

Fed. R. Crim. P. 16(b)(1)(B), (C) (emphasis added).

# DISCUSSION

Defendants requested expert disclosures from the Government under Rule 16(a)(1)(F), and the Government complied. *See, e.g.*, ECF 271 at 14 (Government noting that it has disclosed its tax and financial expert Mark Van House and provided Defendants with a summary of his proposed testimony, reports, and exhibits). Further, the Court previously concluded:

> [T]he summary of Dr. McNeal's anticipated expert testimony set forth in Marrs's Expert Witness List and Narrative Summary of Anticipated Testimony implicates Rule 12.2(b) of the Federal Rules of Criminal Procedure. The expert testimony of Dr. McNeal, relates to a "mental condition of the defendant bearing on . . . the issue of guilt." Further, as confirmed by Marrs's counsel at the hearing on September 9th, Dr. McNeal is expected to opine that Marrs suffers from a cognitive condition that is different from the cognitive biases faced by all, or most, people. Accordingly, under Rule 16(b)(1)(C)(ii), Marrs must provide a written summary of Dr. McNeal's testimony.

ECF 250 at 7-8 (Order). The Court now reaffirms this conclusion. From this, several consequences follow. They are discussed in turn.

## A. Marrs's Present Written Summary Is Inadequate Under Rule 16(b)(1)(C)

Under Rule 16(b)(1)(C), Marrs's written summary "must describe the witness's opinions, *the bases and reasons for those opinions*, and the witness's qualifications." Fed. R. Crim. P. 16(b)(1)(C) (emphasis added).[4] Regarding Dr. McNeal's opinions to be expressed at trial, Marrs has disclosed only one opinion and, through counsel, stated that there may be additional "sub-opinions" and other rebuttal opinions based on the Government's trial presentation. That is an insufficient disclosure. Marrs must summarize *all* opinions and sub-opinions that Dr. McNeal *intends* to testify about at trial. If something truly surprising or unexpected is presented by the Government at trial in its case-in-chief, the Court will likely allow Dr. McNeal (if she is allowed

---

[4] The Government does not request anything further regarding disclosure of Dr. McNeal's qualifications.

to testify at all) to express her opinion or sub-opinion on that new material as a matter of fairness, after the Court hears that new opinion or sub-opinion at a hearing conducted under Rule 104 of the Federal Rules of Evidence out of the presence of the jury. Further, Marrs's failure to disclose any of the bases and reasons for Dr. McNeal's opinions renders this disclosure insufficient.

Marrs may have an additional four weeks, until April 21, 2020, to file a supplemental expert witness disclosure for Dr. McNeal under Rule 16(b)(1)(C). That disclosure must list, in separately numbered opinions and sub-opinions, each opinion and sub-opinion that Dr. McNeal intends to testify about at trial, along with all bases and reasons for each opinion and sub-opinion separately stated. The Court will accept this supplemental disclosure either as a disclosure by Marrs or in the form of a written report prepared by Dr. McNeal, at Marrs's election. The Court will not require a written report signed by Dr. McNeal. *Compare* Fed. R. Civ. P. 26(a)(2) (requiring in civil cases that an expert disclosure be accompanied by a written report prepared and signed by the expert witness) *with* Fed. R. Crim P. 16(a)(1)(G) and 16(b)(1)(C) (not requiring in criminal cases that an expert disclosure must be accompanied by a written report signed by the expert witness).

**B. Under Rule 16(b)(1)(B), the Results of Any Examination of Marrs Reviewed by Dr. McNeal Must Be Provided to the Government *If* They Relate to Dr. McNeal's Anticipated Trial Testimony**

If Dr. McNeal has possession of or reviewed any "results or reports of any physical or mental examination" of Marrs that "relates to" the expert testimony that she intends to present at trial, those documents must be made available to the Government. *See* Fed. R. Crim. P. 16(b)(1)(B). This includes any of the documents or other materials that Dr. McNeal provided to Dr. Duncan, *if* those documents or materials "relate to" Dr. McNeal's anticipated trial testimony. If, however, a document or other material relates solely and exclusively to Marrs's

competency to stand trial (which is not at issue), that document or material need not be provided to the Government. All documents and materials that Marrs must provide to the Government under this Order shall be provided by April 21, 2020. In addition, to avoid any confusion or misunderstanding, any materials that Dr. McNeal provided to Dr. Duncan that are not disclosed to the Government by April 21, 2020, shall be delivered to the Court for *in camera* review by April 21, 2020. Any such documents or materials sent to the Court for *in camera* review under this Order many be delivered in hard copy, by email, or by other electronic means to the Courtroom Deputy. If the Court believes that any document or other material reviewed by the Court *in camera* should be disclosed to the Government under Rule 16(b)(1)(B), the Court will give Marrs an opportunity to be heard *ex parte* on that issue before the Court makes a final ruling.

**C.  Next Steps**

In the Government's *Motion in Limine* to Exclude or Limit Expert Testimony (ECF 260), the Government asserts that Dr. McNeal's disclosed trial testimony should be excluded as inadmissible under Rule 702 of the Federal Rules of Evidence, as interpreted in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny. The Government also asserts that Dr. McNeal's disclosed trial testimony should be excluded or at least limited under Rule 704(b) of the Federal Rules of Evidence.[5] In support of these assertions, the Government first argues that Marrs's summary is inadequate and the Court should order Dr. McNeal to produce a written report. Second, the Government argues that Dr. McNeal should be precluded

---

[5] Rule 704(b) provides: "In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone." Fed. R. Evid. 704(b).

from testifying about Marrs's intent or drawing any inference about his intent, in violation of Rule 704(b).

As previously discussed, the Court agrees that Marrs's summary is inadequate because it fails to state all reasonably anticipated opinions and sub-opinions and also fails to disclose the bases or reasons for those opinions and sub-opinions. As stated above, Marrs may file a supplemental disclosure by April 21, 2020, if he wants to present at trial the testimony of Dr. McNeal. That may be in the form of a report from Dr. McNeal, but the Court will not require such a report. In addition, by April 21, 2020, Marrs shall disclose to the Government all documents and materials received, prepared, or reviewed by Dr. McNeal that "relate to" her anticipated trial testimony. Marrs shall also provide to the Court by April 21, 2020, all documents and materials that Dr. McNeal provided to Dr. Duncan that have not been provided to the Government by that date so that the Court may conduct an *in camera* review. After these events have occurred by April 21, 2020, any party may, but need not, file a supplemental memorandum by May 12, 2020, addressing the *Daubert* and Rule 704(b) issues in light of the April 21 disclosures. Shortly after May 12, 2020, the Court will resolve by written opinion the Government's motion to exclude or limit Dr. McNeal's testimony at trial.

## CONCLUSION

The Court grants in part, denies in part, and defers in part the Government's Motion *in Limine* to Exclude or Limit Expert Testimony (ECF 260) as stated in this Opinion and Order.

**IT IS SO ORDERED.**

DATED this 24th day of March, 2020.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge