IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>v.<br><br>**GARY N. CRAMER, and THERON J. MARRS**,<br><br>Defendants. | Case No. 3:17-cr-267-SI (Lead)<br>Case No. 3:17-cr-271-SI<br><br>**AMENDED ORDER REGARDING *IN CAMERA* DISCLOSURES RELATING TO MEGAN McNEAL, Psy.D.** |

**Michael H. Simon, District Judge.**

On March 24, 2020, the Court issued its Opinion and Order on Government's Motion *in Limine* to Exclude or Limit Expert Testimony. ECF 274. The Court's Order primarily related to the summary of expert testimony from Megan McNeal, Psy.D., submitted on behalf of Defendant Theron J. Marrs ("Marrs"). The Order allowed Mr. Marrs until April 21, 2020, later extended to June 9, 2020 (*see* ECF 279), to file a supplemental expert witness disclosure relating to Dr. McNeal's anticipated expert testimony. The Court directed that the supplemental disclosure list, in separately numbered opinions and sub-opinions, each opinion and sub-opinion that Dr. McNeal intends to testify about at trial, along with all bases and reasons for each opinion and sub-opinion separately stated. On June 9, 2020, Mr. Marrs, through counsel, filed a supplemental disclosure, in the form of a Confidential Psychological Report from Dr. McNeal. *See* ECF 287. The Government has access to that report.

PAGE 1 – AMENDED ORDER

In addition, the Court's Order dated March 24, 2020 stated:

> If Dr. McNeal has possession of or reviewed any "results or reports of any physical or mental examination" of Marrs that "relates to" the expert testimony that she intends to present at trial, those documents must be made available to the Government. *See* Fed. R. Crim. P. 16(b)(1)(B). This includes any of the documents or other materials that Dr. McNeal provided to Dr. Duncan, *if* those documents or materials "relate to" Dr. McNeal's anticipated trial testimony. *If, however, a document or other material relates solely and exclusively to Marrs's competency to stand trial (which is not at issue), that document or material need not be provided to the Government*. All documents and materials that Marrs must provide to the Government under this Order shall be provided by [June 9, 2020]. In addition, to avoid any confusion or misunderstanding, any materials that Dr. McNeal provided to Dr. Duncan that are not disclosed to the Government by [June 9, 2020], shall be delivered to the Court for *in camera* review by [June 9, 2020]. Any such documents or materials sent to the Court for *in camera* review under this Order many be delivered in hard copy, by email, or by other electronic means to the Courtroom Deputy. If the Court believes that any document or other material reviewed by the Court *in camera* should be disclosed to the Government under Rule 16(b)(1)(B), the Court will give Marrs an opportunity to be heard *ex parte* on that issue before the Court makes a final ruling.

ECF 274 at 6-7 (emphasis added).

On June 9, 2020, Mr. Marrs, through counsel, sent to the Court for *in camera* review fifteen (15) items, which the Court will describe only in the most general of terms as follows:

1. A link to an online video;

2. Six (6) professional articles reviewed by Dr. McNeal;

3. A court document filed in a federal civil case;

4. A document related to CUSIP numbers;

5. Four (4) Government Trial Exhibits from this case; and

6. Dr. McNeal's research notes; and

7. Dr. McNeal's notes of her interview(s) with Mr. Marrs.

The Court has reviewed *in camera* these fourteen items and tentatively has concluded that, if Mr. Marrs still intends to call Dr. McNeal as an expert witness at trial, then all fourteen items should promptly be disclosed to the Government, pursuant to Rule 16(b)(1) of the Federal Rules of Criminal Procedure. It does *not* appear to the Court that any of these items relates solely and exclusively to Mr. Marrs's competency to stand trial. Because they all appear to be material that Dr. McNeal relied upon in forming her opinions and the bases for those opinions, they should be disclosed to the Government. The Court, however, will afford Mr. Marrs an opportunity to be heard on this issue, if he wishes. Not later than June 19, 2020, Mr. Marrs, through counsel, shall, at his election, either: (1) provide copies of these items to the Government and inform the Court that he has done so; or (2) submit to the Court an *ex parte* a memorandum explaining his view why these items need not be produced to the Government, and the Court will then promptly issue a ruling.

**IT IS SO ORDERED.**

DATED this 11th day of June, 2020.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge