PORTLAND MAIN OFFICE
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
www.usdoj.gov/usao/or

Scott E. Bradford
Assistant U.S. Attorney
Scott.Bradford@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

EUGENE BRANCH
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

MEDFORD BRANCH
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Billy J. Williams, United States Attorney

September 25, 2020

Ethan Levi
Levi Merrithew Horst PC
610 SW Alder Street, Suite 415
Portland OR  97205

Re: *United States v. Theron J. Marrs*, 17-CR-271-SI
Second Revised Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Group Plea Deal**: Defendant understands and agrees that this agreement is part of a "group plea deal" in which the disposition of the case against defendant is tied to and conditioned on the disposition of cases against co-defendant Gary Cramer. Accordingly, defendant and the USAO agree that this agreement and the obligations it creates will not become binding on the USAO and defendant unless and until (1) defendant executes this agreement and enters a guilty plea in accordance with this agreement no later than September 30, 2020, and (2) co-defendant Gary Cramer executes his plea agreement with the USAO and enters a guilty plea in accordance with his agreement no later than September 30, 2020.

   Defendant acknowledges that defendant has discussed with defendant's attorney, and carefully considered, the possible advantages and disadvantages to defendant of entering into this agreement as part of the group plea deal. Defendant is entering into this agreement as part of the group plea deal freely and voluntarily because defendant believes this agreement and the group plea deal to be in defendant's best interests. Defendant is not entering into this agreement as part of the group plea deal because of threats, coercion, or other undue influence by the USAO or by

Ethan Levi
Re: Theron J. Marrs Second Revised Plea Agreement Letter
Page 2
September 25, 2020

the co-defendant Gary Cramer, who is part of the group plea deal, his counsel, or anyone acting on his behalf.

*Superseding MHS.*

3.  **Charges**: Defendant agrees to plead guilty to Count 1 of the Indictment in Case No. 17-CR-271 in which he is charged with evading the payment of his federal income taxes for calendar years 2005, 2006, 2007, 2009, and 2010 in violation of 26 U.S.C. § 7201.

4.  **Penalties**: The maximum sentence for Count 1 is 5 years' imprisonment, a fine of $250,000, 3 years of supervised release, and a $100 fee assessment. Defendant agrees to pay the $100 fee assessment by the entry of his guilty plea or to explain to the Court why this cannot be done. The government agrees not to seek costs of prosecution as set forth in 26 U.S.C. § 7201.

5.  **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

*Superseded MHS*

6.  **Elements and Factual Basis**: In order for defendant to be found guilty of Count 1 of the Indictment, the government must prove the following elements beyond a reasonable doubt:

    (1) An affirmative act constituting an attempt to evade or defeat a tax or payment thereof;

    (2) An additional tax due and owing; and

    (3) Willfulness.

Defendant admits the elements of the offense alleged in Count 1 and agrees the following facts are true, can be proved beyond a reasonable doubt, and are sufficient to support his guilty plea to Count 1.

    (1) Beginning in or about February 2011 and continuing through July 2017, in the District of Oregon and elsewhere, defendant did willfully attempt to evade and defeat the payment of federal income tax, more than $265,000, due and owing by him to the United States of America for calendar years 2005, 2006, 2007, 2009, and 2010.

    (2) Defendant committed the following affirmative acts of evasion, among others, in his attempt to evade or defeat the payment of his federal income taxes for 2005, 2006, 2007, 2009, and 2010:

Revised May 2018

Ethan Levi
Re: Theron J. Marrs Second Revised Plea Agreement Letter
Page 3
September 25, 2020

        a. Mailing harassing and frivolous documents to the IRS in which he falsely claimed that he was not subject to income taxes;

        b. Concealing and attempting to conceal the ownership of his personal residence by placing it in the name of nominee entities, including a trust;

        c. Sending the IRS fraudulent bonds, bills of exchange, checks, and money orders, attempting to mislead the IRS into accepting such items as payment for defendant's federal income tax due and owing;

        d. Concealing and attempting to conceal assets and financial transactions by using businesses and nominee entities, including trusts;

        e. Filing false U.S. Individual Income Tax Returns for calendar years 2005, 2006, 2007, 2009, and 2010, which, among other things, falsely represented his income, taxes due, and refund owed;

        f. Filing retaliatory lawsuits against IRS employees;

        g. Filing frivolous documents with the U.S. District Court for the District of Oregon;

        h. Filing a false UCC lien in Washington; and

        i. Otherwise concealing and attempting to conceal from all proper officers of the United States of America his true and correct income and assets.

(3) The above-listed affirmative acts of evasion are evidence of defendant's willfulness—that is, he knew had duty to file timely and accurate federal tax returns and to pay any federal income tax due and knowingly and intentionally violated that duty.

7. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

8. **Relevant Conduct**: The parties agree that the loss associated with Count 1, including relevant conduct, is approximately $265,000. The parties have no agreement regarding defendant's criminal history or criminal history category.

Ethan Levi
Re: Theron J. Marrs Second Revised Plea Agreement Letter
Page 4
September 25, 2020

9.  **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

10. **Advisory Guidelines Calculation**: The parties agree the following United States Sentencing Guidelines ("Guidelines") provisions apply:

    a.  U.S.S.G. §§ 2T1.1(a)(1) and 2T4.1(G) – base offense level is 18; and

    b.  U.S.S.G. § 2T1.1(b)(2) – because the offense involved sophisticated means, a 2-level increase is warranted.

11. **Sentencing Recommendations**: Given the unique factors of this case, including the application of the sentencing factors listed in 18 U.S.C. § 3553, the USAO will recommend a 5-year term of probation (non-custodial sentence) so long as defendant demonstrates an acceptance of responsibility as explained above. Defendant reserves the right to argue for any sentence defendant deems appropriate under the factors set forth in 18 U.S.C. § 3553.

12. **Payment of Criminal Tax Loss and Civil Tax Proceedings**: Defendant understands the criminal tax loss amount does not include applicable statutory penalties and interest for which the defendant may be liable under the Internal Revenue Code and that the Internal Revenue Service (IRS) may assess him penalties and interest in addition to the criminal tax loss amount. Defendant understands and agrees that this plea agreement does not prohibit the United States or the IRS from pursuing any civil or administrative proceeding against the defendant. Defendant agrees the USAO and IRS Criminal Investigation may disclose the criminal file in this case to any civil component of the IRS for assessment or collection of any taxes defendant may owe. Defendant waives any rights he may have pursuant to 26 U.S.C. §§ 6103 and 7213 and Fed.R.Crim.P. 6(e), regarding privacy/secrecy of tax returns, return information, and grand jury material.

    **Defendant's Right to Contest the IRS's Civil and Administrative Actions**: Defendant does not waive, and retains any right he may have to contest civilly or administratively any findings, assessments, or collection activity by the IRS.

Ethan Levi
Re: Theron J. Marrs Second Revised Plea Agreement Letter
Page 5
September 25, 2020

13. **Tax Compliance and Special Conditions of Probation**: Defendant agrees to special conditions of probation or supervised release, requiring him to file, if needed, amended tax returns for 2005, 2006, 2007, 2009, and 2010 and to pay all taxes due and owing—approximately $265,000. Defendant further agrees to special conditions that:

(1) He meet with the IRS to determine his legal obligation to file tax returns and pay taxes and to sign any IRS forms deemed necessary by the IRS to enable the IRS to make an immediate assessment of that portion of the tax that he agrees to pay as restitution, including IRS Form 8821, "Tax Information Authorization;"

(2) He not file any claim for refund of taxes represented by any amount of restitution paid pursuant to this agreement;

(3) This agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time periods covered by this agreement or any other time period;

(4) That unless the Director of the Administrative Office of the United States Courts directs defendant otherwise, all payments made pursuant to the Court's restitution order are to be sent only to the Clerk of the Court at the following address: Clerk, United States District Court, District of Oregon, 1000 SW Third Avenue, Portland, Oregon 97204;

(5) He provide with each payment to the Clerk of the Court made pursuant to the District Court's restitution order:

    a. His name and Social Security number;
    b. The District Court docket number assigned to this case;
    c. The periods for which restitution has been ordered; and
    d. A statement that the payment is being submitted pursuant to the District Court's restitution order;

(6) He include a request that the Clerk of the Court send the information, along with defendant's payments, to the appropriate IRS office;

(7) He send a notice of any payments made pursuant to the agreement, including the information listed in the previous paragraph, to the IRS at the following address:

        IRS -RACS Attn: Mail Stop 6261, Restitution, 333 W. Pershing Ave, Kansas City, MO 64108.

(8)    He is not entitled to credit with the IRS for any payment sent to an incorrect address or accompanied by incomplete or inaccurate information, unless and until any payment is actually received by the IRS and identified by it as pertaining to his particular liability.

14. **Restitution**: Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herewith no later than December 15, 2020, sign it under penalty of perjury, and provide it to both the United States Attorney's Office and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

    Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the U.S. Attorney's Office to access records to verify the financial information. Defendant also authorizes the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

    The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

    Defendant agrees to submit to examination under oath or affirmation and/or a polygraph examination by an examiner selected by the U.S. Attorney's office, on the issue of defendant's financial disclosures and assets.

    Defendant agrees to notify the Financial Litigation Unit of the United States Attorney's Office before defendant transfers any interest in property with a value exceeding $2500 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

    The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court. Defendant agrees to pay restitution in this case, up to $265,000, to the IRS.

Ethan Levi
Re: Theron J. Marrs Second Revised Plea Agreement Letter
Page 7
September 25, 2020

    Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due and payable immediately. Defendant further understands and agrees that pursuant to Title 18, United States Code, Section 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program (TOP) to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

    Pursuant to Title 18, United States Code, Section 3612(b)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the United States Attorney's Office of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to Title 18, United States Code, Section 3664(k), defendant shall notify the Court and the U.S. Attorney's Office immediately of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

15. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

16. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind

Ethan Levi
Re: Theron J. Marrs Second Revised Plea Agreement Letter
Page 8
September 25, 2020

this plea agreement if the Court does not follow the agreements or recommendations of the parties.

17.     **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

18.     **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

19.     **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

///

///

///

///

///

///

///

///

///

Revised May 2018

20.  **Deadline**: This plea offer expires if not accepted by September 30, 2020, at 12 p.m.

Sincerely,

BILLY J. WILLIAMS
United States Attorney

/s/ Claire M. Fay
CLAIRE M. FAY
SCOTT E. BRADFORD
Assistant United States Attorneys

    I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

25 September, 2020
Date

THERON J. MARRS
THERON J. MARRS
Defendant

    I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

9.25.20
Date

ETHAN LEVI
Attorney for Defendant